UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVON RAYMOND DAVIS,

       Petitioner,

v.                                                                    Case Number: 09-CV-11254
                                                                         Honorable Gerald E. Rosen

JEFFREY WOODS,

       Respondent.
_____/

## OPINION AND ORDER
### (1) GRANTING PETITIONER'S MOTION FOR CLARIFICATION OF COURT'S ORDER AND (2) DENYING MOTION TO SHOW CAUSE, WITHOUT PREJUDICE

On April 3, 2009, Petitioner Lavon Raymond Davis, currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1988 convictions and sentences for second-degree murder and felony firearm. On April 13, 2009, Magistrate Judge R. Steven Whalen signed an "Order Requiring Responsive Pleading," pursuant to Rule 5 of the Rules Governing Section 2254 Cases, requesting that Respondent respond to the petition by October 13, 2009. (Dkt. # 3.)

Before the Court now are Petitioner's "Motion for Order to Show Cause" [dkt. #2], filed with Petitioner's petition, and his "Motion for Clarification" [dkt. # 4], filed on May 1, 2009. In his "Motion for Order to Show Cause," Petitioner is requesting that the Court release him from custody, as he is being unconstitutionally imprisoned. In his "Motion for Clarification," Petitioner is requesting a clarification of Magistrate Judge Whalen's responsive-pleading Order; Petitioner is claiming that Magistrate Judge Whalen erred in construing his petition as being brought under 28 U.S.C. § 2254. Petitioner contends that he did not file his petition pursuant to § 2254, but rather,

he filed it pursuant to 28 U.S.C. § 2241.

For the reasons stated, the Court grants Petitioner's "Motion for Clarification," and finds that Magistrate Judge Whalen correctly construed Petitioner's petition as being brought under 28 U.S.C. § 2254. The Court will deny Petitioner's "Motion for Order to Show Cause," without prejudice, as it addresses Petitioner's alleged unlawful imprisonment which is the basis for his habeas petition.

I.

First, addressing Petitioner's "Motion for Clarification," this Court believes that Magistrate Judge Whalen was correct in construing his habeas petition as having been brought pursuant to 28 U.S.C. § 2254, even though Petitioner filed it challenging his state-court convictions under 28 U.S.C. § 2241. Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. However, 28 U.S.C.§ 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997) (citation omitted). A number of courts have held that because § 2254 is the more specific statute regarding habeas applications, which challenges state-court judgments, the provisions of that section take precedence over Section 2241. *See Medberry v. Crosby,* 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. New York State Division of Parole*, 321 F.3d 274, 279, n. 4. (2nd Cir. 2003); *Coady v. Vaughn,* 251 F.3d 480, 484-85 (3rd Cir. 2001). If this

Court were to permit Petitioner to use 28 U.S.C. § 2241 to challenge his state-court convictions, he would not be subject to: (1) the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1); (2) the deferential review accorded to state-court decisions under 28 U.S.C. § 2254(d)(1) and (2); (3) the AEDPA's limitations on successive petitions, contained in 28 U.S.C. § 2244(b)(2); and (4) state-court exhaustion requirements. *See White v. Lambert,* 370 F.3d 1002, 1008 (9th Cir. 2004).

Therefore, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 Fed. App'x. 94, 95 (6th Cir. 2002) (citing *Coady*, 251 F.3d at 484-85).

The Sixth Circuit, in *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001), further stated:

> [W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.).

*Greene*, 265 F.3d at 371 (quoting *Walker v. O'Brien,* 216 F.3d 626, 637 (7th Cir. 2000)).

Against that backdrop, the Court finds that Petitioner's petition for writ of habeas corpus is properly construed under 28 U.S.C. § 2254.

## II.

Second, the Court denies Petitioner's "Motion for Order to Show Cause," without prejudice to Petitioner's right to have the issues underlying this motion adjudicated after the Court receives,

and carefully reviews, Respondent's response to the petition, and all the necessary Rule 5 materials.

III.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Clarification" [dkt. # 4] is **GRANTED**.  The Court clarifies that Petitioner's petition is properly brought before the Court pursuant to 28 U.S.C. § 2254, and not § 2241.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Order to Show Cause" (Dkt. # 2) is denied, without prejudice.

**SO ORDERED.**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 19, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on      May 19, 2009     , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Lavon R. Davis, #166014, Kinross Correctional Facility, 16770 Water Tower Drive, Kincheloe, MI 49788                                         .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137