UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVON RAYMOND DAVIS,

        Petitioner,

v.                                                          Case Number: 09-cv-11254
                                                            Honorable Gerald E. Rosen

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

On January 29, 2010, this Court entered an Opinion and Order denying Petitioner Lavon Raymond Davis's petition for a writ of habeas corpus and dismissed the action in its entirety, with prejudice. *Davis v. Woods*, No. 09-cv-11254, 2010 WL 419991 (E.D. Mich. Jan. 29, 2010). The Court also declined to issue Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*. Pending before the Court is Petitioner's motion for reconsideration, pursuant to Fed.R.Civ.P. 59(e) and Eastern District of Michigan Local Rule 7.1(g). For the reasons stated below, the Court will deny Petitioner's motion.

I.

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir.1990). A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow circumstances: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence which was

not available at trial, or (3) to correct a clear error of law or to prevent manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F.Supp.2d 721, 726 (E.D. Mich. 2000).

In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and **are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented**." *Kenneth Henes*, 86 F.Supp.2d at 726 (citing *Nagle Industries, Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D.Mich. 1997), *aff'd* 194 F.3d 1339 (Fed. Cir. 1999) (internal quotations omitted).

A motion to alter or amend judgment brought by a *pro se* prisoner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F.Supp.2d 547, 550 (E.D. Mich. 1999). E.D. Mich. LR 7.1(g) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *see also Flanagan v. Shamo*, 111 F.Supp.2d 892, 894 (E.D. Mich. 2000). "The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997).

In his motion for reconsideration, Petitioner is merely presenting arguments that were already raised in his Petition and considered by the Court in ruling on this matter. Petitioner is merely attempting to re-hash arguments that he previously raised in litigating this matter. The Court will

therefore deny the motion, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition. *Hence*, 49 F.Supp.2d at 553.

II.

Accordingly, Petitioner's motion for reconsideration [dkt. # 16] is **DENIED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 3, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 3, 2010, by electronic mail and on Lavon Raymond Davis, #166014, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by ordinary mail.

s/Ruth Brissaud
Case Manager